**IN THE UNITED STATES DISTRICT COURT OF THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EXPAND OPERATING, LLC<br>Plaintiff, | ) | |
| v. | ) | Civil Action No. 5:26-cv-00142-D |
| PERFEX CHEMICAL SOLUTIONS, LLC<br>Defendants. | ) | |

**DEFENDANT PERFEX CHEMICAL SOLUTIONS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Perfex Chemical Solutions, LLC ("Defendant") by and through its attorneys, Glass Phillips Murray Zopolsky, P.C., submits its Answer to Plaintiff's Complaint ("Complaint") as follows:

1. As to the allegations in Paragraph No. 1 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

2. As to the allegations in Paragraph No. 2 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

3. As to the allegations in Paragraph No. 3 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

4. As to the allegations in Paragraph No. 4 of the Complaint, the allegations are not directed at Defendant and therefore no response is required. To the extent a response is required, the same is denied.

## I. THE PARTIES

5. Defendant admits the allegations in Paragraph No. 5 of the Complaint.

6. Defendant admits the allegations in Paragraph No. 6 of the Complaint.

## II. JURISDICTION AND VENUE

7. Defendant admits the allegations in Paragraph No. 7 of the Complaint.

8. Defendant admits the allegations in Paragraph No. 8 of the Complaint.

9. Defendant admits the allegations in Paragraph No. 8 of the Complaint.

10. Defendant admits that jurisdiction and venue are proper.

## III. FACTS

11. As to the allegations in Paragraph No. 11 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

12. As to the allegations in Paragraph No. 12 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

13. As to the allegations in Paragraph No. 13 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

14. As to the allegations in Paragraph No. 14 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

15. As to the allegations in Paragraph No. 15 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

16. As to the allegations in Paragraph No. 16 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

17. As to the allegations in Paragraph No. 17 of the Complaint, the allegations are not directed at Defendant and therefore no response is required. To the extent a response is deemed required, the same is denied.

18. As to the allegations in Paragraph No. 18 of the Complaint, the allegations are not directed at Defendant and therefore no response is required. To the extent a response is deemed required, the same is denied.

19. As to the allegations in Paragraph No. 19 of the Complaint, the allegations are not directed at Defendant and therefore no response is required. To the extent a response is deemed required, the same is denied.

20. As to the allegations in Paragraph No. 20 of the Complaint, the allegations are not directed at Defendant and therefore no response is required. To the extent a response is deemed required, the same is denied.

21. As to the allegations in Paragraph No. 21 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

22. As to the allegations in Paragraph No. 22 of the Complaint, the allegations are not directed at Defendant and therefore no response is required. To the extent a response is deemed required, the same is denied.

23. As to the allegations in Paragraph No. 23 of the Complaint, the allegations are not directed at Defendant and therefore no response is required. To the extent a response is deemed required, the same is denied.

24. As to the allegations in Paragraph No. 24 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

25. As to the allegations in Paragraph No. 25 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

26. As to the allegations in Paragraph No. 26 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

27. As to the allegations in Paragraph No. 27 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

28. As to the allegations in Paragraph No. 28 of the Complaint, the allegations are not directed at Defendant and therefore no response is required. To the extent a response is deemed required, the same is denied.

29. As to the allegations in Paragraph No. 29 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

30. As to the allegations in Paragraph No. 30 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

31. As to the allegations in Paragraph No. 31 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

32. As to the allegations in Paragraph No. 32 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

33. As to the allegations in Paragraph No. 33 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

## IV. CAUSES OF ACTION

### COUNT ONE: BREACH OF CONTRACT

34. Defendant incorporates its responses to Paragraph No. 1 through No. 33 of the Complaint as if fully incorporated herein.

35. Defendant admits the allegations in Paragraph No. 35 of the Complaint.

36. As to the allegations in Paragraph No. 36 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

37. Defendant denies the allegations in Paragraph No. 37 of the Complaint.

38. Defendant denies the allegations in Paragraph No. 38 of the Complaint.

39. Defendant denies the allegations in Paragraph No. 39 of the Complaint.

40. Defendant denies allegations in Paragraph No. 40 of the Complaint.

41. Defendant denies the allegations in Paragraph No. 41 of the Complaint.

42. Defendant denies the allegations in Paragraph No. 42 of the Complaint.

43. Defendant denies the allegations in Paragraph No. 43 of the Complaint.

## COUNT TWO: BREACH OF EXPRESS WARRANTIES

44. Defendant incorporates its responses to Paragraph No. 1 through No. 44 of the Complaint as if fully incorporated herein.

45. To the extent allegations plead by Plaintiff are inconsistent with the allegations in any other Count, Defendant denies such allegations should be plead alternatively.

46. As to the allegations in Paragraph No. 46 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same. Moreover, the allegations in Paragraph No. 46 call for a legal conclusion and therefore no response is required. To the extent a response is deemed required, the same is denied.

47. As to the allegations in Paragraph No. 47 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same.

48. As to the allegations in Paragraph No. 48 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same.

49. As to the allegations in Paragraph No. 49 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same. Moreover, the allegations in Paragraph No. 49 call for a legal conclusion and therefore no response is required. To the extent a response is deemed required, the same is denied.

50. As to the allegations in Paragraph No. 50 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same. Moreover, the allegations in Paragraph No. 50 call for a legal conclusion and therefore no response is required. To the extent a response is deemed required, the same is denied.

51. As to the allegations in Paragraph No. 51 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same. Moreover, the allegations in Paragraph No. 51 call for a legal conclusion and therefore no response is required. To the extent a response is deemed required, the same is denied.

52. As to the allegations in Paragraph No. 52 of the Complaint, the allegations are not directed at Defendant and therefore no response is required. To the extent a response is deemed required, the same is denied.

53. Defendant denies the allegations in Paragraph No. 53 of the Complaint.

54. Defendant denies the allegations in Paragraph No. 54 of the Complaint.

55. Defendant denies the allegations in Paragraph No. 55 of the Complaint.

56. Defendant denies the allegations in Paragraph No. 56 of the Complaint.

57. Defendant denies the allegations in Paragraph No. 57 of the Complaint.

58. Defendant denies the allegations in Paragraph No. 58 of the Complaint.

## COUNT THREE: BREACH OF IMPLIED WARRANTIES

59. Defendant incorporates its responses to Paragraph No. 1 through No. 58 of the Complaint as if fully incorporated herein.

60. To the extent allegations plead by Plaintiff are inconsistent with the allegations in any other Count, Defendant denies such allegations should be plead alternatively.

61. As to the allegations in Paragraph No. 61 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same. Moreover, the allegations in Paragraph No. 61 call for a legal conclusion and therefore no response is required. To the extent a response is deemed required, the same is denied.

62. As to the allegations in Paragraph No. 62 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same.

63. As to the allegations in Paragraph No. 63 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same.

64. As to the allegations in Paragraph No. 64 of the Complaint, the allegations are not directed at Defendant and therefore no response is required. To the extent a response is deemed required, the same is denied.

65. As to the allegations in Paragraph No. 65 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same. Moreover, the allegations in Paragraph No. 65 call for a legal conclusion and therefore no response is required. To the extent a response is deemed required, the same is denied.

66. Defendant denies the allegations in Paragraph No. 66 of the Complaint.

67. Defendant denies the allegations in Paragraph No. 67 of the Complaint.

68. Defendant denies the allegations in Paragraph No. 68 of the Complaint

69. Defendant denies the allegations in Paragraph No. 69 of the Complaint.

70. Defendant denies the allegations in Paragraph No. 70 of the Complaint.

## COUNT FOUR: NEGLIGENCE

71. Defendant incorporates its responses to Paragraph No. 1 through No. 70 of the Complaint as if fully incorporated herein.

72. To the extent allegations plead by Plaintiff are inconsistent with the allegations in any other Count, Defendant denies such allegations should be plead alternatively.

73. Defendant denies the allegations in Paragraph No. 73 of the Complaint.

74. Defendant denies the allegations in Paragraph No. 74 of the Complaint.

75. Defendant denies the allegations in Paragraph No. 75 of the Complaint.

76. As to the allegations in Paragraph No. 76 of the Complaint, the allegations are not directed at Defendant and therefore no response is required. To the extent a response is deemed required, the same is denied.

77. As to the allegations in Paragraph No. 77 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same. Moreover, the allegations in Paragraph No. 77 call for a legal conclusion and therefore no response is required. To the extent a response is deemed required, the same is denied.

78. As to the allegations in Paragraph No. 78 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same. Moreover, the allegations in Paragraph No. 78 call for a legal conclusion and therefore no response is required. To the extent a response is deemed required, the same is denied.

79. As to the allegations in Paragraph No. 79 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same. Moreover, the allegations in Paragraph No. 79 call for a legal

conclusion and therefore no response is required. To the extent a response is deemed required, the same is denied.

80. As to the allegations in Paragraph No. 80 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same. Moreover, the allegations in Paragraph No. 80 call for a legal conclusion and therefore no response is required. To the extent a response is deemed required, the same is denied.

81. Defendant denies the allegations in Paragraph No. 81 of the Complaint.

82. Defendant denies the allegations in Paragraph No. 82 of the Complaint.

83. Defendant denies the allegations in Paragraph No. 84. of the Complaint.

84. Defendant denies the allegations in Paragraph No. 84 of the Complaint.

## COUNT FIVE: NEGLIGENT MISREPRESENTATION

85. Defendant incorporates its responses to Paragraph No. 1 through No. 84 of the Complaint as if fully incorporated herein.

86. To the extent allegations plead by Plaintiff are inconsistent with the allegations in any other Count, Defendant denies such allegations should be plead alternatively.

87. Defendant denies the allegations in Paragraph No. 87 of the Complaint.

88. Defendant denies the allegations in Paragraph No. 88 of the Complaint.

89. As to the allegations in Paragraph No. 89 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same. Moreover, the allegations in Paragraph No. 89 call for a legal

conclusion and therefore no response is required. To the extent a response is deemed required, the same is denied.

90. Defendant denies the allegations in Paragraph No. 90 of the Complaint.

91. As to the allegations in Paragraph No. 91 of the Complaint, the allegations are not directed at Defendant and therefore no response is required. To the extent a response is deemed required, the same is denied.

92. Defendant denies the allegations in Paragraph No. 92 of the Complaint.

93. Defendant denies the allegations in Paragraph No. 93 of the Complaint.

## COUNT SIX: GROSS NEGLIGENCE

94. Defendant incorporates its responses to Paragraph No. 1 through No. 93 of the Complaint as if fully incorporated herein.

95. To the extent allegations plead by Plaintiff are inconsistent with the allegations in any other Count, Defendant denies such allegations should be plead alternatively.

96. As to the allegations in Paragraph No. 96 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same. Moreover, the allegations in Paragraph No. 96 call for a legal conclusion and therefore no response is required. To the extent a response is deemed required, the same is denied.

97. As to the allegations in Paragraph No. 97 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

98. Defendant denies the allegations in Paragraph No. 98 of the Complaint.

99. Defendant denies the allegations in Paragraph No. 99 of the Complaint.

100. Defendant denies the allegations in Paragraph No. 98 of the Complaint.

101. Defendant denies the allegations in Paragraph No. 101 of the Complaint.

## COUNT SEVEN: STRICT PRODUCTS LIABILITY – DESIGN DEFECT

102. Defendant incorporates its responses to Paragraph No. 1 through No. 101 of the Complaint as if fully incorporated herein.

103. To the extent allegations plead by Plaintiff are inconsistent with the allegations in any other Count, Defendant denies such allegations should be plead alternatively.

104. As to the allegations in Paragraph No. 104 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same. Moreover, the allegations in Paragraph No. 104 call for a legal conclusion and therefore no response is required. To the extent a response is deemed required, the same is denied.

105. Defendant denies the allegations in Paragraph No. 105 of the Complaint.

106. Defendant denies the allegations in Paragraph No. 106 of the Complaint.

107. Defendant denies the allegations in Paragraph No. 107 of the Complaint.

108. Defendant denies the allegations in Paragraph No. 108 of the Complaint.

109. Defendant denies the allegations in Paragraph No. 109 of the Complaint.

110. Defendant denies the allegations in Paragraph No. 110 of the Complaint.

111. Defendant denies the allegations in Paragraph No. 111 of the Complaint

112. Defendant denies the allegations in Paragraph No. 112 of the Complaint

113. Defendant denies the allegations in Paragraph No. 113 of the Complaint

114. Defendant denies the allegations in Paragraph No. 114 of the Complaint.

**COUNT EIGHT: STRICT PRODUCTS LIABILITY – FAILURE TO WARN**

115. Defendant incorporates its responses to Plaintiff No. 1 through No. 115 of the Complaint as is fully incorporated herein.

116. To the extent allegations plead by Plaintiff are inconsistent with the allegations in any other Count, Defendant denies such allegations should be plead alternatively.

117. As to the allegations in Paragraph No. 117 of the Complaint, Defendant states it is without sufficient knowledge or information to admit or deny those allegations and therefore denies the same. Moreover, the allegations in Paragraph No. 117 call for a legal conclusion and therefore no response is required. To the extent a response is deemed required, the same is denied.

118. Defendant denies the allegations in Paragraph No. 118 of the Complaint.

119. Defendant denies the allegations in Paragraph No. 119 of the Complaint.

120. Defendant denies the allegations in Paragraph No. 120 of the Complaint.

121. Defendant denies the allegations in Paragraph No. 121 of the Complaint.

122. Defendant denies the allegations in Paragraph No. 122 of the Complaint.

123. Defendant denies the allegations in Paragraph No. 123 of the Complaint.

124. Defendant denies the allegations in Paragraph No. 124 of the Complaint.

125. Defendant denies the allegations in Paragraph No. 125 of the Complaint.

126. Defendant denies the allegations in Paragraph No. 126 of the Complaint.

127. Defendant denies the allegations in Paragraph No. 127 of the Complaint.

128. Defendant denies the allegations in Paragraph No. 128 of the Complaint.

129. Defendant denies the allegations in Paragraph No. 129 of the Complaint.

130. Defendant denies the allegations in Paragraph No. 130 of the Complaint.

## COUNT NINE: FRAUDULENT MISREPRESENTATION

131. Defendant incorporates its responses to Plaintiff No. 1 through No. 130 of the Complaint as if fully incorporated herein.

132. To the extent allegations plead by Plaintiff are inconsistent with the allegations in any other Count, Defendant denies such allegations should be plead alternatively.

133. Defendant denies the allegations in Paragraph No. 133 of the Complaint.

134. Defendant denies the allegations in Paragraph No. 134 of the Complaint.

135. Defendant denies the allegations in Paragraph No. 135 of the Complaint.

136. Defendant denies the allegations in Paragraph No. 136 of the Complaint.

137. Defendant denies the allegations in Paragraph No. 137 of the Complaint.

138. Defendant denies the allegations in Paragraph No. 138 of the Complaint.

139. Defendant denies the allegations in Paragraph No. 139 of the Complaint.

140. Defendant denies the allegations in Paragraph No. 140 of the Complaint.

141. Defendant denies the allegations in Paragraph No. 141 of the Complaint.

## COUNT TEN: FRAUDULENT INDUCEMENT

142. Defendant incorporates its responses to Plaintiff No. 1 through No. 141 of the Complaint as if fully incorporated herein.

143. To the extent allegations plead by Plaintiff are inconsistent with the allegations in any other Count, Defendant denies such allegations should be plead alternatively.

144. Defendant denies the allegations in Paragraph No. 144 of the Complaint.

145. Defendant denies the allegations in Paragraph No. 145 of the Complaint.

146. Defendant denies the allegations in Paragraph No. 146 of the Complaint.

## AFFIRMATIVE DEFENSES

147. Defendant would show that Plaintiff's claims, in whole or in part, are barred and/or limited by the terms and conditions of the October 20, 2022 Master Service and Supply Agreement Exploration and Production (the "MSA"), including but not limited to, those precluding the recovery of consequential, indirect, special, incidental, exemplary, and/or punitive damages, including but not limited to any alleged loss of profits, loss of production, loss of use, business interruption, or other similar damages.

148. In the alternative, and without waiver of the foregoing, Defendant would show that Plaintiff's alleged damages, if any, are limited by the exclusive remedy provisions of the MSA, and that Plaintiff is not entitled to recover any damages beyond those contractual remedies expressly provided for in such agreement.

149. In the alternative, and without waiver of the foregoing, Defendant would show that Plaintiff's claims are barred, in whole or in part, by the mutual release, defense,

indemnity, and risk-allocation provisions contained in the MSA and/or other applicable contract(s), pursuant to which Plaintiff and/or its predecessor in interest assumed the risk of the very losses and damages for which recovery is sought in this lawsuit.

150. In the alternative, and without waiver of the foregoing, Defendant would show that Plaintiff's tort-based causes of action are barred by the economic loss rule and by the absence of any duty owed by Defendant to Plaintiff independent of the duties, if any, created solely by the MSA.

151. In the alternative, and without waiver of the foregoing, Defendant would show that Plaintiff's claims for negligence, and negligent misrepresentations are barred by the terms and conditions of the MSA, which govern the subject matter of this dispute and controls the rights and remedies of the parties.

152. In the alternative, and without waiver of the foregoing, Defendant would show that the incident complained of and the damages sustained, if any, were proximately caused, in whole or in part, by the negligent act(s) and/or omission(s) of Plaintiff and/or other parties, entities designated as responsible third parties, persons, and/or entities over whom Defendant had no control, no right of control, and no causal connections.

153. In the alternative, and without waiver of the foregoing, Defendant would show that the incident made the basis of this suit and the alleged damages, if any, were proximately caused by a new, independent, intervening and/or superseding cause over which Defendant had no control or right of control.

154. In the alternative, and without waiver of the foregoing, Defendant would show that the provisions of 23 O.S. §13 are applicable to the instant case. Defendant asserts

its right to a finding of comparative responsibility with respect to all parties, settling parties, former parties, responsible third parties and/or all persons for whom responsibility is properly before the Court.

155. In the alternative, and without waiver of the foregoing, Defendant would show that the "one satisfaction rule" is applicable, and that it is entitled to a credit or an appropriate offset (a) any damages or losses attributable to the conduct, products, and breaches of other Defendants, former defendants, responsible third parties, non-parties, settling parties, and responsible third parties, and anyone else from whom Plaintiff has received monies or consideration; and (b) any amounts paid in settlement by or behalf of such other defendants, former defendants, settling parties, responsible third parties, non-parties, and anyone else from whom Plaintiff has received monies or consideration. Accordingly, Defendant asserts the affirmative defenses of offset, credit, payment, release and accord and satisfaction to the extent provided under any rule statute, or regulation.

156. In the alternative, and without waiver of the foregoing, Defendant would show that Plaintiff's damages, if any, may be barred or reduced by virtue of its failure to mitigate its damages.

157. In the alternative, and without waiver of the foregoing, Defendant would show that Plaintiff's claims are barred, in whole or in part, by the contractual disclaimer of reliance and integration provisions contained in the MSA, and Plaintiff therefore cannot establish the essential elements of any claim based upon alleged representations outside the four corners of the contract.

158. In the alternative, and without waiver of the foregoing, Defendant alleges that any claims for breach of express or implied warranties are barred, in whole or in part, by the terms and conditions of the MSA.

159. In the alternative, and without waiver of the foregoing, Defendant would show that Plaintiff failed to comply with all contractual conditions precedent to recovery, including but not limited to any requirements regarding notice of the alleged defects, the opportunity to inspect, test, repair, replace, or otherwise cure any alleged nonconforming goods or services, and Plaintiff's claims are therefore barred.

160. In the alternative, and without waiver of the foregoing, Defendant would show that Plaintiff's claims are barred, in whole or in part, by Plaintiff's waiver, ratification, and/or acceptance of the goods and/or services at issue, and by Plaintiff's continued use of the same after any alleged defect was or should have been discovered.

161. In the alternative, and without waiver of the foregoing, Defendant would show that Plaintiff's recovery, if any, is barred or reduced by its own prior material breach of the applicable MSA.

162. In the alternative, and without waiver of the foregoing, Defendant would show that Plaintiff's alleged damages, if any, are barred or reduced by the doctrines of estoppel, quasi-estopped, waiver, laches, and unclean hands.

163. In the alternative, and without waiver of the foregoing, Defendant would show that Plaintiff's claims are barred, in whole or in part, by the course of performance, course of dealing, and/or usage of trade between the parties.

164. In the alternative, and without waiver of the foregoing, Defendant would show that Plaintiff failed to preserve relevant evidence and that any recovery sought by Plaintiff should be barred or reduced under the doctrine of spoliation.

165. In the alternative, and without waiver of the foregoing, Defendant would show that the claims are barred, in whole or in party, by the applicable statutes of limitations.

166. Plaintiff has failed to state a claim against Defendant upon which relief can be granted, both generally and as to Plaintiff's claim for punitive damages, and such claims must be dismissed.

167. Any award of punitive damages based upon any standard of proof that is less than "clear and convincing" evidence would violate the Due Process Clause of the Fourteenth Amendment of the United States of Constitution, and the Due Process Clause of the Oklahoma Constitution.

168. Any award of punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment of the Untied States Constitution, and the Due Process Clause of the Oklahoma Constitution.

169. Plaintiff's claims for punitive damages are in contravention of Defendant's right under each of the following constitutional provisions:

a. The Commerce Clause of Article I, Section 8 of the United States Constitution;

b. The Contracts Clause of Article I, Section 10 of the United States Constitution;

c. The prohibition against ex post facto laws embodied in Article I, Section 10 of the United States Constitution;

d. The Supremacy Clause of Article VI of the United States Constitution;

e. The Free Speech Clause of the First Amendment of the United States Constitution;

f. The Due Process Clause of the Fifth and Fourteenth amendments of the United States Constitution;

g. The Takings Clause of the Fifth Amendment of the United States Constitution;

h. The Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

i. The Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution; and

j. The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, as well as the corresponding provisions of the Oklahoma Constitution.

170. The Plaintiff's claim for punitive damages is improper for the following reasons:

a. there are no standards provided by Oklahoma law for the imposition of punitive damages, and, therefore, Defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award;

b. the procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

c. the procedures under which punitive damages are awarded and the instructions used under Oklahoma law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible jury passion;

d. present Oklahoma law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

e. present Oklahoma law does not provide for a meaningful opportunity for challenging the rational basis for, and the excessiveness of, any award of punitive damages;

f. present Oklahoma procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined;

g. present Oklahoma procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability;

h. present Oklahoma procedures fail to permit the reduction of any award for, punitive damages based on the culpability of Plaintiff.

171. Defendant specifically incorporates by reference, and adopts, as if fully set forth here, any and all standards or limitations regarding the determination and enforceability of punitive damages awards set forth in State Farm Mutual Automobile Insurance Company v. Campbell, 123 S. Ct. 1513 (2003), and BMW of North America v. Gore, 116 S. Ct. 1589 (1996).

172. Defendant reserves the right to assert further defenses.

WHEREFORE, having fully answered the Complaint, Defendant prays that this Court dismiss Plaintiff's Complaint against it and award Defendant its costs and fees, expert fees, and any other and further relief as this Court deems just and proper.

Respectfully submitted,

**GLAST PHILLIPS MURRAY ZOPOLSKY, P.C.**

BY: /s/ Allison J. Maynard
Allison Maynard
Oklahoma Bar No. 19675

14901 Quorum Drive, Suite 300
Dallas, Texas 75254-1449
972.419.8300
972.419.8329 facsimile
amaynard@gpmz-law.com

ATTORNEY FOR DEFENDANT PERFEX CHEMICAL SOLUTIONS, LLC

## CERTIFICATE OF SERVICE

On the 16th day of March 2026, I filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Oklahoma. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

/s/ Allison J. Maynard
Allison J. Maynard